IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FREDRICK MCELROY                                                                                    PLAINTIFF

vs.                                            Civil No. 1:11-cv-01064

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Fredrick McElroy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.      Background:**

Plaintiff protectively filed his applications on February 23, 2010. (Tr. 10, 110-118). In his applications, Plaintiff alleges he is disabled due to upper and lower back pain, neck pain, and pain and numbness in his left arm and leg. (Tr. 131). Plaintiff alleges an onset date of November 15, 2009. (Tr. 10). These applications were denied initially and again on reconsideration. (Tr. 42-45).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

request was granted. (Tr. 62-75). An administrative hearing was held on March 8, 2011 in El Dorado, Arkansas. (Tr. 17-41). At the administrative hearing, Plaintiff was present and was represented by Mary Thomason. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Watts testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 21). Plaintiff also testified at the administrative hearing in this matter that he completed the twelfth grade in high school and was a high school graduate. (Tr. 23).

On March 29, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 10-16). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 15, 2009, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back, neck, and shoulder pain. (Tr. 12, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

The ALJ also evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 13-15, Finding 5). In making this evaluation, the ALJ first considered Plaintiff's subjective complaints and found they were not credible to the extent he alleged. *Id.* Second, the ALJ found Plaintiff retained the capacity for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he experiences mild to moderate pain. He can sit 1-2 hours continuously, 6 hours in an 8-hour day; stand/walk 1-2 hours continuously,

> 6 hours in an 8-hour day; and occasionally climb, stoop, crouch, kneel, and crawl. Non-exertionally, he can perform simple unskilled or semi-skilled work; understand, follow, and remember concrete instructions; and experiences no restriction regarding contact with supervisors, co-workers, and the public.

*Id.*

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 37-38). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a polisher (semi-skilled, sedentary). *Id.* Considering his RFC, the ALJ found Plaintiff retained the capacity to perform his PRW. *Id.* Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 15, 2009 through the date of his decision or through March 29, 2011. (Tr. 16, Finding 7).

On March 29, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6). On October 19, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On November 1, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in failing to consider the combined effects of his medical impairments; (B) the ALJ improperly evaluated his subjective complaints of pain; and (C) the ALJ erred by failing to consider his inability to afford medical treatment. ECF No. 7 at 1-11. This Court will address each of these arguments for reversal.

    A.    **Combination of Impairments**

Plaintiff claims the ALJ did not properly evaluate his impairments in combination. ECF No. 7 at 5-7. With this argument, Plaintiff raises several discrete claims regarding the ALJ's disability determination: (1) the ALJ did not properly consider his impairments in combination; (2) the ALJ improperly determined his impairments did not meet a Listing; (3) the ALJ improperly determined he could perform his PRW; and (4) the ALJ did not consider the side effects of medication. *Id.* This Court will separately address these four issues.

First, Plaintiff argues the ALJ did not properly consider his impairments in combination. ECF No. 7 at 5-7. Plaintiff raises this as a general argument against the ALJ's evaluation of his impairments in combination. *Id.* In accordance with 20 C.F.R. § 404.1523, an ALJ is required to "consider the combined effect of all . . . impairments without regard to whether such impairment, if considered separately, would be of sufficient severity." As interpreted by the Eighth Circuit, this

regulation requires a synopsis of medical records and a discussion of each of the claimant's alleged impairments. *See Martise v. Astrue,* 641 F.3d 909, 924 (8th Cir. 2011). In the present action, the ALJ recognized each of Plaintiff's alleged impairments and found his back, neck and shoulder pain were severe. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's *impairment* or *combination of impairments* did not meet or medically equal one of the Listings. (Tr. 12, Finding 4). In evaluating his impairments, the ALJ also fully analyzed the medical records and considered each of his alleged impairments. (Tr. 13-15). Such a review is sufficient under *Martise,* and the ALJ properly evaluated Plaintiff's impairments in combination.

Second, Plaintiff argues the ALJ erred by determining his severe impairments did not meet the requirements of the Listings. ECF No. 7 at 5-7. Plaintiff appears to argue the ALJ was required to find his severe impairments met the requirements of the Listings under Step 3 because he found those impairments were severe under Step 2 of the sequential analysis. *Id.* Plaintiff argues this is a discrepancy "in the opinion on its face." *Id.*

However, the Step 2 question of determining whether an impairment is severe is a low, threshold finding that only requires a demonstration that the "impairments are [more than] slight and the impairments . . . affect any of the basic work activities." *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Step 3 analysis applies only to "presumptive" disabilities and requires a much more stringent showing. *See McCoy v. Astrue,* 648 F.3d 605, 611 (8th Cir. 2011). For an impairment to qualify under a Listing, the claimant has the burden of establishing that his or her condition meets or equals all specified medical criteria contained in the Listing. *See id.* Thus, because the standards are entirely different, the ALJ's opinion was not internally inconsistent by finding some impairments were severe but were not so severe as to meet the requirements of any of the Listings.

Third, Plaintiff argues the ALJ improperly determined he could perform his PRW as he actually performed it. ECF No. 7 at 5-7. In his opinion, the ALJ found Plaintiff retained the capacity to perform his PRW as a polisher. (Tr. 15, Finding 6). The VE characterized this work as semi-skilled and sedentary. (Tr. 37-38). Plaintiff claims this was in error because the work he actually performed as a polisher was not sedentary. ECF No. 7 at 5-7. However, even if this statement were true and Plaintiff's PRW as a polisher was not actually performed at the sedentary level, the ALJ is still permitted to find at Step 4 that Plaintiff can perform his PRW either as it was actually performed or as it is generally performed in the national economy. *See* 20 C.F.R. § 404.1560(b)(2). Based upon the VE's testimony, although this issue was not raised at the hearing, it appears he was characterizing Plaintiff's PRW as it is generally performed in the national economy. (Tr. 37-38). There is no indication the VE improperly characterized this PRW as it was generally performed. Accordingly, this Court finds Plaintiff's argument on this issue is not a basis for reversal.

Fourth, Plaintiff argues the ALJ did not properly consider the impact his medication had on his energy level and "his mood and attitude." ECF No. 7 at 7. In his briefing, Plaintiff does not reference any specific medications that caused these alleged side effects. *Id.* In his opinion, the ALJ did consider Plaintiff's prescription for Flexeril and notes that a potential side effect would be drowsiness. (Tr. 14). Because the ALJ did consider the side effects of Flexeril in his opinion and Plaintiff has not referenced any other medications that are at issue, this Court finds the ALJ properly considered the side effects of Plaintiff's medication.

B. **Subjective Complaints**

Plaintiff claims the ALJ did not properly evaluate his subjective complaints. ECF No. 7 at 7. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

7

C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a thorough *Polaski* evaluation. (Tr. 13-15). First, the ALJ outlined the requirements of *Polaski* and stated those factors. (Tr. 14). Then, the ALJ discounted Plaintiff's subjective complaints for the following reasons: (1) there is no evidence of any health care provider restricting the claimant from all work activity; (2) the consultative physical examination disclosed the claimant was taking no prescribed medication for his impairment; (3) the consultative examination further disclosed he had a full range of motion within the cervical and lumbar spine and x-rays disclosed only mild degenerative changes in the lumbar spine and limb functioning was described as normal; and (4) Plaintiff was able to perform a wide range of daily activities. (Tr. 15).

In his briefing, Plaintiff claims the ALJ overstated his daily activities in his opinion. ECF No. 7 at 9. However, even if this were accurate and the ALJ did not properly characterize all of Plaintiff's limitations in his daily activities, the ALJ still provided sufficient reasons for discounting Plaintiff's subjective complaints. Accordingly, this credibility determination should be affirmed.[2] *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding the Eighth Circuit "normally defer[s] to the ALJ's credibility determination where the "ALJ explicitly discredits a claimant's testimony and gives good reason for doing so").

### C.     Lack of Medical Treatment

Plaintiff claims the ALJ erred by failing "to take into consideration" his "lack of funds financially to pay for the doctor." ECF No. 7 at 9. Plaintiff is correct that his failure to obtain

---

[2] Plaintiff claims the ALJ also erred in discounting his subjective complaints because he did not consistently seek medical treatment. ECF No. 7 at 9. Plaintiff claims his failure to seek consistent treatment should be excused because he could not afford such treatment. *Id.* However, as stated in the final section of this report and recommendation, Plaintiff's failure to seek medical treatment is not excused by his alleged lack of funding.

medical care may be excused where he can demonstrate financial hardship or an inability to afford medical care. *See Benskin v. Bowen,* 830 F.2d 878, 884 (8th Cir. 1987). To excuse such a failure, however, Plaintiff must produce evidence demonstrating he attempted to obtain treatment and was denied such treatment because of insufficient funds or insurance. *See Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003). In this case, Plaintiff has produced no such evidence. ECF No. 7. Thus, this Court finds Plaintiff's failure to obtain treatment is not excused.

As a final point, Plaintiff claims the ALJ failed to properly consider his prior work history. ECF No. 7 at 10. Plaintiff claims this prior work history supports his allegations of disabling pain. *Id.* Plaintiff claims he injured his back around 1994 which required surgery; and subsequent to that surgery, he attempted but was unable to work as he was previously able to work. ECF No. 7 at 9-10.

Upon review of Plaintiff's earning records, however, those records do not support his argument that his pain progressively increased after his surgery in 1994. Even though Plaintiff did injure his back in 1994 and required surgery, his reported earnings before that date were still low and largely inconsistent. (Tr. 120-121). In 1993, his reported earning were $11,898.93; in 1992, his reported earnings were $8,866.26; in 1991, he has no reported earnings; and in 1990, his reported earnings were $2,903.01. *Id.* Prior to 1990, he had no reported earnings greater than $5,000.00. *Id.* Thus, this Court finds Plaintiff's earnings record does not support Plaintiff's claim that he was a motivated worker prior to his back surgery and then his condition steadily declined.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

    **ENTERED this 26th  day of September 2012.**

                                                        /s/   Barry A. Bryant
                                                        HON. BARRY A. BRYANT
                                                        U.S. MAGISTRATE JUDGE